IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Wiley Y. Daniel

Civil Action No.  06-cv-01996-WYD-CBS

GEORGE S. GRADOW,

    Applicant,

v.

RON WILEY, Warden Federal Correctional Institution Camp, Florence, Colorado,

    Respondent.

## ORDER

THIS MATTER is before the Court on the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 by a Prisoner in Federal Custody, filed October 5, 2006 (docket #1).  Petitioner George S. Gradow is in the custody of the United States Bureau of Prisons ("BOP") at the Federal Prison Camp attached to the Federal Correctional Institution at Florence, Colorado.  Petitioner is currently serving a 15 month sentence for Attempt to Corruptly Interfere with the Administration of the Internal Revenue Laws in violation of 26 U.S.C. § 7212(a).  His projected release date, taking into account the anticipated award of good conduct time under 18 U.S.C. § 3624(b), is July 12, 2007.

Petitioner challenges Respondent Warden's adherence to certain BOP rules and regulations that prevent him from being considered for placement in a Community Corrections Center ("CCC") prior to the last ten percent of his sentence.  The challenged regulations were promulgated in December 2002 and subsequently codified at 28 C.F.R. §§ 570.20 and 570.21 in February 2005.  Absent the challenged

regulations, Petitioner is eligible for placement in CCC six months prior to his projected release date, or as of January 13, 2007. In an Order dated January 25, 2007, I directed Respondent to show cause why the habeas corpus petition should not be granted. On February 14, 2007, Respondent filed an answer to the show cause order and on February 26, 2007, Petitioner filed a Traverse. After review of the file, I find that an evidentiary hearing is not necessary. For the reasons stated below, the habeas corpus petition will be granted.

On February 20, 2007, the United Stated Court of Appeals for the Tenth Circuit issued its decision in *Wedelstedt v. Wiley*, No. 06-1416, 2007 U.S. App. LEXIS 3701 (10th Cir. Feb. 20, 2007), which affirmed the district court's grant of the petitioner's petition for writ of habeas corpus based on the exact issue raised by Petitioner in this case, and ordered Respondent to consider the petitioner for placement in Community Corrections without regard to 28 C.F.R. §§ 570.20 and 570.21. I agree with the Petitioner that the issues raised in this case have been decided in Petitioner's favor in the *Wedelstedt* decision. In *Wedelstedt*, the Tenth Circuit held:

> The BOP regulations [codified at 28 C.R.F. 570.20 and 570.21] contradict Congress' clear intent that all inmate placement and transfer decisions be made individually and with regard to the five factors enumerated in 18 U.S.C. § 3621(b). The regulations at issue supplant the five factors and, therefore, are invalid.

*Id.* at *3.

Indeed, on March 14, 2007, Respondent filed a "Notice" in which he stated that he will not seek further review of the *Wedelstedt* decision, that the *Wedelstedt* decision

is being "fully implemented," and that BOP is now proceeding to make community correction determination sin light of *Wedelstedt*, beginning with those prisoners whose release dates are most imminent. Accordingly, it is

ORDERED that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 by a Prisoner in Federal Custody, filed October 5, 2006 (docket #1), is **GRANTED**. It is

FURTHER ORDERED that Respondent consider Petitioner for placement in a Community Corrections Center without regard to 28 C.F.R. §§ 570.20 and 570.21.

Dated: April 9, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge